Herman S. Strauss, Trustee, Appellant, v. Philip A. Danielson, Appellee.

Gen. No. 43,434.

Heard in the first division of this court for the first district at the June term, 1945. Opinion filed January 7, 1946. Rehearing denied January 21, 1946. Released for publication January 21, 1946.

RICHARD WEINBERGER, of Chicago, for appellant.

WILHARTZ & HIRSCH, of Chicago, for appellee; SAMUEL E. HIRSCH, JULIAN H. LEVI and WILLIAM RUGER, all of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Herman S. Strauss, as trustee, brought an action at law against defendant, Philip A. Danielson, on a written guaranty dated March 15, 1927. The cause was afterward transferred to the chancery side of the court and after hearing, a decree was entered dismissing the suit for want of equity. An appeal was taken to this court where the decree was reversed in part, affirmed in part and remanded with directions. *Strauss v. Danielson,* 323 Ill. App. 254. After the mandate of this court was filed in the trial court, the chancellor who had heard the case, entered an order transferring the cause to the head of the chancery division for reassignment and accordingly the head of the chancery division reassigned it to another chancellor. The case was then heard and a decree entered in plaintiff's favor for $4,726.16. Plaintiff, claiming that the decree should have been for a much larger sum, appealed to this court. While the cause was pending here Mr. Strauss, the trustee, died and upon a petition filed in the foreclosure suit in the Circuit court, The Trust Company of Chicago was appointed successor trustee and it was substituted as plaintiff by order of this court. The facts are stated in our former opinion and will not be repeated here. Suffice it to say that there was a decree of foreclosure and for a reorganization. The holders of 95 per cent of the amount due on the bonds joined in the reorganization proceeding and deposited their bonds, as required, while bondholders who held bonds of the face value of $12,800 refused to join in the reorganization and refused to deposit their bonds. As above stated, the court entered a decree dismissing the suit for want of equity. We affirmed the decree as to the depositing bondholders but reversed it as to the non-depositing bondholders and remanded the cause for the reason that the record failed to disclose how much was due on the non-depositing bonds.

After the remandment, on the hearing before the chancellor, the court entered a decree for the amount due on the bonds which had been produced on the hearing, aggregating $4,726.16. He refused to allow any sum on the non-deposited bonds which plaintiff was unable to produce. The guaranty provided that:

"All rights of action under this guaranty may be enforced by the Trustee above named as the Trustee of an expressed trust on behalf of any bondholders without the production of the bonds or coupons (or without said Trustee owning or holding any of said bonds or coupons) on any trial or other proceedings relative thereto, and any suits or proceedings instituted by the Trustee shall be brought in the name of the Trustee as such Trustee." The chancellor, in deciding the case said in substance that he did not want to enter a decree against Mr. Danielson for a bond which was not produced for the reason that the money would be paid to the trustee but the bond might be lost and the trustee never called upon to disburse the money. The court there said: "That is my best judgment. I am going to give you judgment on the bonds that are in here and prorate the funds that were paid to the Philip State Bank in the interest and amortization fund, enter judgment for that amount.

"I will heed the admonition of the Appellate Court in its opinion and I think what was intended was the production of the bonds here."

The written guaranty guaranteed the payment of the mortgage bonds aggregating $430,000. It further provided "Diligence, presentment and demand are hereby waived, it being the intent hereof that the undersigned shall remain, jointly and severally, liable as Principals," and that all rights of action under the guaranty may be enforced by the trustee and were independent of and in addition to the rights and remedies of the trustee, etc.

We think the court erred in failing to enter judgment for the amount due on the non-deposited bonds

the face value of which, as we said in our former opinion, was $12,800. The guaranty expressly provides that the bonds need not be produced. Since we were unable to ascertain from the record how much was due on these bonds we reversed that part of the decree and remanded the cause for that purpose.

Counsel for defendant in their brief say: "Defendant contended, however, and now contends, that it was necessary for plaintiff either to produce the bonds or to offer some other competent proof as to indebtedness," and say there was no evidence offered by plaintiff as to the amount due on the bonds involved. And they point to paragraph 7 of the decree which states that the court further finds that "Except as to bonds so produced, plaintiff has made no other proof of the indebtedness owing to non-depositing bondholders and plaintiff is not entitled to recover as to any other bonds or claims; plaintiff has not shown that other non-deposited bonds are in existence and has not offered any competent proof as to said indebtedness and that defendant is indebted thereon." But in the next paragraph of the decree the court also found that: "On December 21, 1944 the court stated he would find for defendant as to all non-deposited bonds which plaintiff was unable to produce. The hearing was continued to January 11, 1945 at plaintiff's request at which time plaintiff stated he could produce only above enumerated bonds; by reason of lapse of time and failure to produce, it must be presumed that no other non-deposited bonds are now in existence."

Upon consideration of what the court said in deciding the case, as above referred to, and the findings of the decree, we think it appears that the chancellor held that no allowance could be made unless the bonds were produced. We think this was error. The guaranty which is the basis of the suit expressly provided that the trustee could maintain a suit on behalf of any bondholders without the production of the bonds and coupons.

·· Counsel for plaintiff in his brief says that, applying the formula used by the trial court in determining the amount due on the produced bonds, to the bonds not produced, there remains due $11,493.01 and the detail of this is set forth in his briefs. Defendant's brief was later filed by his counsel but they make no objection or reference to the items which go to make up the $11,493.01, except to say: "Now, as to the other alleged indebtedness, plaintiff presented to the trial Court and now to this Court a record in which plaintiff himself admits that he does not know whether there are any other bondholders or whether they exist and he doesn't know whether the bonds exist. The blunt truth of the matter is that if this Court were to enter judgment for the sum of $11,493.01, as now requested by plaintiff (see plaintiff's brief, p. 13), neither this Court nor defendant, nor plaintiff for that matter, would have any way of knowing whether or not the bonds upon which this judgment would be entered, were actually in existence, and whether or not any holder or owner was in existence. If defendant paid the judgment, he would have no way of knowing what he paid and who he paid. If plaintiff got the money, plaintiff would have no way (according to Strauss' own testimony) of knowing whether the bonds supposed to have been paid by the judgment were outstanding or even in existence, and whether or not there was even a holder."

Counsel for defendant further contend that the appointment of The Trust Company of Chicago as successor trustee is void. The appointment of the successor trustee was made by the Circuit court in the foreclosure suit and afterward, September 4, 1945, we allowed plaintiff's motion to substitute The Trust Company of Chicago successor trustee over the objections filed to the motions by the defendant. By allowing the substitution, that matter has been disposed of.

The decree of the Superior court of Cook county is reversed and the cause remanded with directions to

enter a decree allowing the further sum of $11,493.01.
*Reversed and remanded with directions.*
MATCHETT, P. J., and NIEMEYER, J., concur.

PER CURIAM: Plaintiff's motion to correct the foregoing opinion so as to allow interest on the amount found due at the rate of 5 per cent per annum from April 30, 1935, to the date of the decree has been allowed and the opinion is accordingly corrected by adding to the last sentence of the opinion the following: together with interest thereon at 5 per cent per annum from April 30, 1935, to the date of the decree.